Carol S. SALMANS, Appellant,

v.

Wesley Eugene SALMANS, Appellee.

No. 16799.

Court of Appeals of Texas,
San Antonio.

Nov. 17, 1982.

Ronald C. Bird, Bird & Noll, San Antonio, for appellant.

Darby Riley, San Antonio, for appellee.

Before ESQUIVEL, BASKIN and REEVES, JJ.

## OPINION

PER CURIAM.

This is an appeal from a take nothing judgment on appellant's petition for partition of military retirement benefits. Appellant brings forth three points of error. We affirm.

Appellee and appellant were married in San Antonio on April 11, 1970. At the time, appellee was a member of the U.S. Army and had already served 14 years and 3 months of a military career which lasted 22 years, and 1 month. In November, 1977, while stationed in Frankfurt, Germany, the couple found that their marriage had become insupportable and sought a correspondence divorce through the Texas courts. Appellant contacted an attorney in San Antonio, who prepared the petition, affidavits, waiver of service, and decree of divorce.

The petition was filed on November 16, 1977, and five days later while still in Germany, the parties executed a separation agreement that was provided by the Judge Advocate General's office in Frankfurt. In the agreement the parties divided both personalty and realty, and provided for the support of the minor child. Attached to the agreement was a list of property, with the top portion labeled "Schedule A" and the bottom "Schedule B"; and the agreement recited that appellee was to retain property described in Schedule B and appellant that described in Schedule A.

The decree of divorce, entered on February 28, 1978, contained findings by the court that the parties had entered into an agreement dividing the property, based on schedules A and B. The court then awarded appellee the property in Schedule B, plus some real estate which was his separate property, and appellant the property in Schedule A. Neither the divorce decree, the separation agreement, nor the schedules mention military retirement benefits.

In three points of error, appellant alleges the trial court erred in holding that appellant waived her rights to the benefits, that the benefits were acquired by appellee after marriage, and that the separation agreement changed the benefits to appellee's separate property. We need not reach appellant's points of error, but instead decide the cause on appellee's sole cross-point of error that "the State of Texas is pre-empted by federal law ... from dividing the military retirement benefits."

Presuming, but not so holding, appellant is correct on all of her points of error, the military retirement benefits would be held by appellee and appellant as tenants in common. *Yeo v. Yeo,* 581 S.W.2d 734 (Tex. Civ.App.—San Antonio 1979, writ ref'd n.r. e.). However, in light of *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), *Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982), and *Trahan v. Trahan,* 626 S.W.2d 485 (Tex.1981), the trial court had no authority to partition the benefits and appellant would not be entitled to recover any amount. The issue in this case is similar to the issue decided by our Supreme Court in *Trahan.*

*Trahan,* which specifically holds that *McCarty* precludes a division of a spouse's entitlement to military retirement benefits which were not divided in the original divorce decree, governs unless subsequent federal legislation has changed its effect. We recognize that *Trahan* was decided before Congress enacted the Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, §§ 1001–1006, 1982 U.S.Code Cong. & Ad.News (96 Stat.) 730,[1] the purpose of which was to reverse the effect of the U.S. Supreme Court's holding in *McCarty,* H.R.Rep. No. 749, 97th Cong., 2d Sess. 165, *reprinted in* 1982 U.S.Code Cong. & Ad.News 1555, 1569, 1570.

We have examined the Former Spouses' Protection Act, and we find, and so hold, that its provisions do not affect the authority of the holding by our Supreme Court in *Trahan.* The judgment of the trial court is therefore affirmed.

---

1. Title X of Pub.L. No. 97–252 is the Uniformed Services Former Spouses' Protection Act.

Pub.L. No. 97–252 is in itself the Department of Defense Authorization Act, 1983.