**In the Matter of the Marriage of Carol Ann GORDON, Appellant,**

v.

**William Thomas GORDON, Appellee.**

No. 13–82–120–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 22, 1983.

Richard J. Hatch, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellant.

Charles Cunningham, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from that portion of a divorce decree, between appellant Carol Ann Gordon and appellee William Thomas Gordon, which apportioned the community property of the parties. On December 29, 1981, the trial court granted the parties a divorce, awarded custody of a minor child and made financial provisions for that child's support, partitioned the community estate and rendered orders with regard to payment of community debts. In two grounds of error, appellant challenges the discretion of the trial court in the manner it apportioned the community estate between the parties. No complaint is made regarding any other aspect of the divorce decree.

The parties were married on November 19, 1955, in Fort Bliss, Texas, while appellee was a member of the U.S. Army. On January 1, 1976, appellee retired from the military after 30 years service, with the rank of Lieutenant Colonel. Appellee is currently employed as an Assistant Principal at a junior high school and receives an annual salary of approximately Twenty-one Thousand Four Hundred and Fifty Dollars. He also currently receives a military retirement in the amount of Thirty Thousand Five Hundred Dollars a year. Appellant is an accountant with a Masters Degree in Accounting and has received her certificate as a Certified Public Accountant. She is currently employed as a civil service employee and earns approximately Thirty-one Thousand Dollars a year. Both parties are presently covered by a retirement plan in their present respective employment.

Under the divorce decree, the trial court apportioned the bulk of the community estate as follows:

*Wife (appellant herein)*

| | |
|---|---|
| House (current equity value) | $ 53,865.00 |
| Furnishings | 26,180.00 |
| Cash Savings | 24,279.00 |
| Retirement | 7,477.00 |
| Life Insurance (cash value) | 1,045.00 |
| Bonds | 250.00 |
| Ford | 600.00 |
| Claims | 17,978.00 |
| Total | $131,674.00 |

*Husband (appellee herein)*

| | |
|---|---|
| Furnishings | $ 5,250.00 |
| Cash Savings | 50,455.00 |
| Travelers Checks and Cash on hand | 210.00 |
| Retirement | 5,107.00 |
| Stock | 28,768.00 |
| Bonds | 14,981.00 |
| Datsun | 600.00 |
| Claims | 13,500.00 |
| Life Insurance (cash value) | 898.00 |
| Membership (Country Club) | 125.00 |
| Total | $119,894.00 |

Included in the decree was the requirement that appellant assume liability on a loan, already in her name, in the amount of $7,500.00.

In her first point of error, appellant alleges abuse in discretion by the trial court in failing to consider appellee's military retirement in the division of the community estate. It is clear from the record that the trial court heard testimony with regard to appellee's military retirement benefits, but

is unclear whether or not the trial court considered this retirement in arriving at the final division of the property.[1] The final decree contains no direct reference to the military retirement.[2]

This case appears to be one of first impression in Texas, in that it involves a divorce granted after the U.S. Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), and before the enactment of the Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, 96 Stat. 730 (1982), and in which a military retirement is involved, but not expressly provided for in the final decree granting the divorce.[3]

The character of military retirement pay and the ability of the trial court to award a fraction of such pay to a spouse in the event of a divorce has taken several twists in recent years. Prior to the U.S. Supreme Court's ruling on June 26, 1981 in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), in Texas, military retirement benefits earned by either spouse during the marital relationship, were considered part of the community estate and thus subject to division upon the dissolution of the marriage. *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976); and, *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). In *McCarty*, the U.S. Supreme Court concluded that a state could not apply its community property laws to nondisability military retirement compensation. Pursuant to *McCarty*, the Texas Supreme Court held that not only could the trial court not apportion nondisability military retirement benefits upon divorce, *Trahan v. Trahan*, 626 S.W.2d 485 (Tex.1981), it also could not consider such military retirement in its apportionment of the community estate. *Cameron v. Cameron*, 641 S.W.2d 210 (Tex. 1982).

On February 1, 1983, the Uniformed Services Former Spouses' Protection Act, took effect. 10 U.S.C.A. § 1408(c)(1) (West Supp.1983), provides:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his

---

1. Contained in the record is a letter sent by the trial judge to the parties' respective attorneys, prior to his entering a final decree. In this letter, he stated:

 "The U.S. Supreme Court has effectively eliminated from the case any consideration of division of Respondent's military retirement. However, the fact that he is receiving such benefits is a factor which the Court has considered in its decision. At the same time the Court also has to take into consideration that such retirement pay is subject to Federal Income Tax payments in concert with his earnings as a teacher and assistant principal. In considering the personal circumstances of the parties, their respective ages, health, present and reasonably foreseeable earning capacities, the retirement probabilities of both parties in their respective present employments, and the evidence in its totality, the Court finds no reason to attempt an uneven division and distribution of the property."

2. Two provisions of the final divorce decree could arguably be construed to pertain to appellee's military retirement. However, for the reasons set forth in this opinion, we conclude that it was not the intent of the trial court that they apply to appellee's military retirement. Those provisions provide:

 "5. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, interest thereon and *any other rights related to any* profit-sharing plan, *retirement plan,* pension plan or like benefit program *existing by reason of Respondent's past,* present or future employment. (Emphasis added).

 | Flour Bluff ISD | $4,907 | |
 | Annuity (Flour Bluff ISD) | 200 | |
 | Total | | 5,107 |

 \* \* \*

 XII

 IT IS DECREED that *all relief* requested in this cause and not expressly granted herein be and is hereby denied." (emphasis added).

3. While *Madrid v. Madrid,* 643 S.W.2d 186 (Tex.App.—El Paso 1982, no writ) concerns a divorce decree involving military retirement, entered in September 1981, there, the trial court awarded all of the military retirement pay to Mr. Madrid as part of his separate property estate.

spouse in accordance with the law of the jurisdiction of such court."

The Texas Supreme Court stated, "[t]he purpose of the act was to reverse the effect of the *McCarty* decision." *Cameron,* supra, at 212.

Accordingly, under the Texas Supreme Court's interpretation of *McCarty,* at the time it entered the divorce decree now before us, the trial court could neither apportion appellee's military retirement nor could it consider it as a factor in apportioning the community estate. However, over one year after the trial court entered its decree, Congress enacted the "Uniformed Services Spouses' Protection Act." This act effectively provided that, subject to limitations contained in it, appellee's military retirement became subject to Texas Community Property Laws as of June 25, 1981; this date being more than six months prior to the trial court's entering of the divorce decree.

 A presumption exists that the trial court acted in the manner required of it by law at the time of its actions. *Dorfman v. Dorfman,* 457 S.W.2d 417 (Tex.Civ.App.— Texarkana 1970, no writ); See *Allen v. Linam,* 551 S.W.2d 448 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.). Under the law as it existed on the day the trial judge entered the divorce decree, he could neither apportion the military retirement nor could he consider it in apportioning the community estate. The record as a whole supports a finding that the trial court did comply with the law as it existed on the day the trial judge entered the divorce decree. While there is some dispute as to the valuation of the property awarded by the divorce decree,[4] we find sufficient evidence in the record to support that valuation placed on it by the trial court.

 The trial court has wide discretion in dividing the estate of the parties and that discretion will not be disturbed on appeal absent a showing of clear abuse of discre-

tion. Furthermore, "[i]n exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly." *Murff v. Murff,* 615 S.W.2d 696 (Tex.1981). First, excluding appellee's military retirement benefits, the apportionment arrived at by the trial court is quite close to being equal. Second, the military retirement benefits were not expressly provided for in the decree. Accordingly, we conclude that appellee's military retirement pay was not considered by the trial court in its apportionment of the community estate.

 Having concluded that appellee's military retirement benefits were not provided for by the divorce decree, we must now examine their character with regard to the community estate. Under the "Uniformed Services Former Spouses' Protection Act," subject to limitations in the act, retirement benefits accrued after June 25, 1981 acquire a character "in accordance with the law of the jurisdiction...." 10 U.S.C.A. § 1408(c)(1) (West Supp.1983). Matured private retirement benefits earned by either spouse during marriage are part of the community estate and subject to division upon the dissolution of the marriage. *Cearley,* supra, at 662; and, *Herring v. Blakeley,* 385 S.W.2d 843 (Tex.1965). In response to the act, although actually prior to the effective date of the act, military retirement benefits were again held to be divisible as part of the community estate. *Cameron,* supra.

 Normally, where a divorce decree fails to provide for the division of community property, the husband and wife become tenants in common or joint owners thereof. *Busby,* supra, at 554. However, we feel that the perplexing and unusual circumstances created by the retroactive effect of 10 U.S.C.A. § 1408(c)(1), require that we reverse the judgment and remand the cause to the trial court for a new trial.

"The administration of justice will best be served if contingent interests in retire-

---

**4.** Appellant offered testimony at the Motion for New Trial to the effect that the initial values she placed upon the furnishings she received,

were set at their replacement values and not their current fair market value.

ment benefits are settled at the time of the divorce..." *Cearley,* supra, at 666. In the case before us, the trial court was effectively precluded from considering appellee's military retirement benefits in apportioning the community estate. Even though the trial judge was not at fault, this failure, in the light of the subsequent enactment of the "Uniformed Services Former Spouses' Protection Act," constitutes error. Appellant's first point of error is sustained. It is not necessary that we reach appellant's second point of error.

That part of the decree which divorced the parties is not attacked in this appeal. The part of the judgment which divided the property of the parties is reversed and remanded for a new trial, at which time the trial court may consider a division of appellee's military retirement.

REVERSED AND REMANDED.

GONZALEZ, J., dissenting.

GONZALEZ, Justice, dissenting.

I respectfully dissent. It is clear to me that the trial court considered the military retirement in arriving at the division of the property. While it may have been error under *McCarty* and *Cameron* to have done so, this error was rendered harmless by the passage of the Uniformed Services Former Spouses' Protection Act. 10 U.S.C.A. § 1408(c)(1) (West Supp.1983). There is no reason to believe, nor any indication, that the trial judge would or should render a different decision on remand.

No abuse of discretion is shown. Therefore, I would affirm the judgment of the trial court.