**Opal Frances HARRELL, Appellant,**

v.

**Herbert C. HARRELL, Appellee.**

**No. 13–84–077–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 18, 1984.

First Motion for Rehearing Granted in Part Nov. 21, 1984.

Second Motion Denied Jan. 10, 1985.

Ann E. Coover, Coover & Coover, Corpus Christi, for appellant.

Pat Morris, Corpus Christi, for appellee.

Before UTTER, YOUNG and SEER-DEN, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a take-nothing judgment in a suit for partition of military retirement benefits. Trial was to the court. Findings of fact and conclusions of law were requested and filed. We reverse and remand for a new trial.

Appellant and appellee were married on July 3, 1959, and were divorced on October 29, 1981. During the marriage, appellee served a total of one hundred sixty-eight (168) months in the military. Prior to the marriage, appellee had served a total of eighty-two (82) months in the military. It is apparent from the record that appellee had retired from the military prior to the entry of the final decree of divorce.

The final decree of divorce: (1) dissolved the marriage of parties; (2) awarded conservatorship and child support of the minor child of the marriage; (3) divided certain community property of the parties; and, (4) assigned liability for certain debts. All relief requested and not expressly granted in the divorce decree was denied. No spe-

cific reference was made in the divorce decree regarding appellee's military retirement benefits. The divorce decree was not appealed and became final.

On May 16, 1983, appellant filed in the trial court an "Original Petition," in which she alleged that community property, i.e. an interest in appellee's military retirement benefits, was accumulated during their marriage and was not apportioned by the trial court's final decree of divorce. In her suit, appellant sought (1) partition of the military retirement benefits in accordance with the parties' respective interests and prejudgment interest on any sums due her beginning October 29, 1981, and (2) attorney's fees. On November 3, 1983, the trial court entered a take-nothing judgment. In its findings of fact, the trial court found that:

"9. The military retirement benefits of Herbert C. Harrell were before the divorce court and were requested to be 'awarded, divided and · partitioned' as community property set forth in the pleadings of Opal Frances Harrell, and testimony of both parties · and as being received in Herbert C. Harrell's statement of expenses and income.

10. The divorce court in the Harrell divorce considered and disposed of the military retirement benefits by denying all relief requested and not expressly granted in the Decree of Divorce.

11. The divorce court in the Harrell divorce considered and disposed of the military retirement benefits as community property as noted in the unequal division of the other community assets.

\* \* \* \* \* \*

13. The decision of the divorce court in the Harrell divorce is a final, unappealed decision.

14. The issue of the division of military retirement benefits was decided by the divorce court in the Harrell divorce, and any subsequent attempt to partition these benefits is barred by res judicata.

15. Herbert C. Harrell and Opal Frances Harrell are not tenants in common as to the military retirement benefits.

16. The Texas Supreme Court has held that *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), precludes a division of a spouse's entitlement to military retirement benefits. *Trahan v. Trahan*, 626 S.W.2d 485 (Tex.1981).

17. The Uniformed Services Former Spouse's Protection Act does not affect the authority of the Texas Supreme Court's holding in *Trahan v. Trahan*, 626 S.W.2d 485 (Tex.1981)."

Appellant now comes before this Court asserting eight points of error.

Appellant's first, second, third, fourth and sixth points of error attack: (1) the trial court's finding that the divorce court considered and disposed of the military retirement benefits as community property in its divorce decree; (2) the trial court's finding that the divorce court considered and disposed of the military retirement benefits by denying all relief requested and not expressly granted in the divorce decree; and, (3) the trial court's finding that the partition suit of the military retirement benefits is barred by *res judicata*. It is established that appellant and appellee were divorced subsequent to the United States Supreme Court's June 26, 1981, ruling· in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), and prior to the enactment of the Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, 96 Stat. 730 (1982), which is now codified in 10 U.S.C. § 1408 (effective February 1, 1983).

■ The enactment of the Uniformed Services Former Spouses' Protection Act (hereafter "the Act") over a year and a half after the United States Supreme Court's decision in *McCarty* created by necessity, the very problem before this Court today. Divorces, wherein military retirement benefits are present and which are granted subsequent to the enactment of the Act, can be treated in the same manner as prevailed prior to the *McCarty* decision. Divorces, wherein military retirement benefits were present and which were granted in the interim period but were not yet final on the date of the enactment of the Act, can be remanded to afford the trial court an opportunity to divide the military retirement benefits in light of its previous division of the parties' estate and other equitable con-

siderations present at the time of the parties' divorce.[1] A much more difficult decision comes with applying existing Texas law to those divorce cases, wherein military retirement benefits were present and in which the divorce decree was granted in the interim period became final prior to Congress' enactment of the Act and were based upon and conformed with the *McCarty* decision.

Clearly, Congress was aware of the existence of this type of anomaly. S.REP. No. 97-502, U.S.CODE CONG. & AD. NEWS 1982, pp. 1555, 1596 (July 22, 1982) sets forth that:

> "The provisions of S. 1814 reversing the effect of the *McCarty* decision are retroactive to June 26, 1981, the date on which the U.S. Supreme Court issued that decision. That is, the committee intends the legislation to restore the law to what it was when the courts were permitted to apply State divorce laws to military retired pay. *Former spouses divorced in the interim period between the McCarty decision and the effective date of this law will have the opportunity to return to court to have their decrees modified in light of this legislation.* However, nothing in the bill would mandate payments out of retired pay which had been disbursed during the period between the date of the *McCarty* decision and the effective date of this legislation." (Emphasis added.)

Two states have expressly dealt with the problem before us today and, in both instances, have allowed the divorce to be reopened for the purposes of receiving additional evidence and argument with respect to valuation and equitable distribution of military retirement benefits.[2] *Castiglioni v. Castiglioni*, 192 N.J.Super. 594, 471 A.2d 809 (1984); *Smith v. Smith*, 458 A.2d 711 (Del.Fam.Ct.1983).[3]

In *Gordon v. Gordon*, 659 S.W.2d 475 (Tex.App.—Corpus Christi 1983, no writ),

this Court examined the circumstances created by a divorce, which was granted subsequent to the *McCarty* decision but prior to the effective date of the Uniformed Former Spouses' Protection Act and in which military retirement benefits were present. We concluded that, under rules set forth in *Trahan v. Trahan*, 626 S.W.2d 485 (Tex. 1981), and *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982), a trial court during this period could neither consider nor apportion nondisability military retirement benefits in its division of the community estate upon divorce. *Gordon*, 659 S.W.2d at p. 477.

 Regarding the issue of *res judicata*, appellant's claim to appellee's military retirement benefits cannot be barred by *res judicata* because *res judicata* applies to those issues, which either were previously litigated or could have been litigated in a prior action. *See Segrest v. Segrest*, 649 S.W.2d 610 (Tex.1983); *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768 (Tex.1979). Here, the division of the military retirement benefits was precluded, by law, from being litigated at the time of divorce.

 Three rules of law are generally accepted regarding the division of community property upon dissolution of a marriage. *First*, in dividing the property upon divorce, the trial court need not make an equal division; in arriving at its division, the trial court can consider a myriad of equitable considerations, including: (1) disparity in earning power; (2) business opportunities; (3) earning capacities and opportunities; (4) age and physical conditions of the parties; (5) their relative need for future support; (6) educational background; and, (7) financial obligations. *Second*, when a divorce decree is silent regarding the division of a particular community asset, the ex-spouses become tenants-in-common or joint owners of that asset; and, a subsequent division of that asset is ob-

---

1. In *Gordon v. Gordon*, 659 S.W.2d 475 (Tex. App.—Corpus Christi 1983, no writ), we remanded the entire property division aspect for a new trial. However, we see no reason why just the issue as to division of retirement benefits could not be remanded for consideration in light of the trial court's initial award.

2. Both courts have allowed the cases to be reopened based upon court rules, which authorized the reopening of a case for equitable reasons.

3. *Smith v. Smith*, 458 A.2d 711 (Del.Fam.Ct. 1983), would apparently allow the parties to reopen the entire property division aspect of the decree.

tained through partition. *Third,* military retirement benefits are a community asset, which is subject to division upon dissolution of a marriage.

Appellant came before the trial court seeking a partition of appellee's military retirement benefits. As we have already noted, this would normally be the method for apportioning community property, which was not considered by the trial court in its decree of divorce. However, the circumstances created by retroactive effect of the Act require that we consider whether partition should be applied to the situation at hand.

■ In a suit to partition undivided community property, filed subsequent to a final decree of divorce, such mandatory partition, in effect, sacrifices a balancing of equities for judicial efficiency. Since the parties have already been provided the opportunity to have the trial court divide certain community property at the time of their divorce, to allow, either inadvertently or otherwise, the parties an additional full-blown trial for the division of other community property not apportioned in their original divorce decree would unreasonably burden the courts and encourage forum shopping. However, in the case at bar, if the parties were not, in fact, prevented from presenting the military retirement benefits to the trial court for division, the trial court was prevented by *McCarty* from dividing that particular asset. The end result would be the same.

The Texas Supreme Court, in *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970), recognized that a court-ordered partition of military retirement benefits would probably result in a different division of the benefits than would occur if the trial court was entitled to apportion the benefits in the same manner that it divided the community property before it at the time of the divorce.

■ There can be little doubt that application of a universal rule for division of property, instead of one, whereby the trial

court considers each case on the facts unique to it, can result in inequities. To require a mandatory partition under the facts before us today would, in effect, punish appellee for obtaining a divorce decree, which became final, during the time the *McCarty* decision controlled the disposition of military retirement benefits. Neither the trial court nor the parties were ever provided an opportunity to have the military retirement benefits and considered apportioned by the trial court as a community asset in the original divorce proceeding. We hold that, even though the trial court could have and, if the case is remanded, might still divide these benefits in a proportion identical to that mandated by partition, the parties are entitled to have the trial court consider the division of the military retirement benefits, a community asset, in the same manner as if the benefits had been before the trial court for disposition at the time of the original divorce.[4]

A partition by this Court of appellee's military retirement benefits would preclude the equitable division of that community asset which should have been made by the trial court at the time of the parties' now-final divorce; we feel that such a division can and should be accomplished through the use of a bill of review.

■ Normally, "an inequitable settlement of property is not sufficient ground for new trial after the judgment has become final." *Hoyt v. Hoyt,* 351 S.W.2d 111 (Tex.Civ.App.—Dallas 1961, writ dism'd). However, a bill of review may, in fact, be used as a vehicle to attack the property division portion of a divorce decree. *Ragsdale v. Ragsdale,* 520 S.W.2d 839 (Tex.Civ. App.—Fort Worth 1975, no writ); *see Jarrett v. Northcutt,* 592 S.W.2d 930 (Tex. 1980).

■ "A bill of review is an equitable proceeding designed to prevent manifest injustice." *French v. Brown,* 424 S.W.2d 893 (Tex.1967). It is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to

---

**4.** We emphasize that this departure from the commonly accepted rule regarding partition of undivided community property upon divorce is due primarily to the retroactive application of the Act, which contemplates that, regarding mil-

itary retirement benefits, the parties should be placed in the position they would have stood, absent the United States Supreme Court's ruling in *McCarty.*

a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979).

In the *usual bill* of review case, the applicant seeks to set aside a default judgment rendered against him in order that he may have an opportunity to show that he has a meritorious defense to the cause of action alleged by the successful plaintiff. *As a general and almost invariable rule* in such cases, the moving party must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. (Emphasis added. Citations omitted.)

*Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex.1974). In *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979), the Supreme Court set forth that: "[t]o the extent there is reliance on the erroneous official information given by an official court functionary preventing the filing of a motion for new trial, the bill of review plaintiff is excused from showing the wrongful conduct, fraud or accident of the opposite party." Such a holding recognizes that circumstances may arise which require the use of bills of review to be expanded into new areas. It also recognizes that the fault causing the harm can be incurred as a result of someone other than the opposite party.

We believe that, in the case at bar, to allow the parties to litigate the division of the military retirement benefits through any manner other than a bill of review would be manifestly unjust. The judgment of the trial court is clearly based upon erroneous findings of fact and improper application of law. However, we acknowledge the fact that errors by the trial court and by appellant in electing its means of relief were primarily caused by the fact that both had to proceed without guidance regarding the correct procedural remedy (partition or bill of review) under which the relief sought could be obtained. In the interest of justice, we reverse the judgment of the trial court and remand the cause for a new trial, at which time appellant may amend her pleadings to conform with this opinion. *See Black Lake Pipe Line Company v. Union Construction Company, Inc.*, 538 S.W.2d 80 (Tex.1976); *L.M.B. Corporation v. Gurecky*, 501 S.W.2d 300 (Tex. 1973); *Scott v. Liebman*, 404 S.W.2d 288 (Tex.1966); and, *Hartford Accident & Indemnity Company v. Parrott*, 486 S.W.2d 405 (Tex.Civ.App.—Beaumont 1972, no writ).

Since we have held that appellant has improperly sought to divide appellee's military retirement benefits through partition rather than through a bill of review, we decline to rule on appellant's fifth point of error, in which appellant alleges that there is no evidence to support the trial court's finding that appellee is an alcoholic and incapable of sustained employment, and her eighth point of error, in which appellant alleges that the trial court erred in finding that any increase in the retirement benefits after the date of the parties' divorce is not subject to partition. Any holding on our behalf would be purely advisory. Appellant's seventh point of error, in which appellant asserts that the trial court erred in finding that appellant and appellee are not tenants-in-common as to the military retirement benefits, is overruled.

The judgment of the trial court is REVERSED and the cause REMANDED.

## OPINION ON APPELLEE'S MOTION FOR REHEARING

UTTER, Justice.

In his motion for rehearing, appellee has directed this court's attention to the fact that the original suit for divorce was tried in the 94th District Court, whereas the suit for partition was tried by the 117th District Court. An action attacking an original judgment by Bill of Review must be brought in the same court in which the judgment was entered. *Martin v. Stein*, 649 S.W.2d 342 (Tex.App.—Ft. Worth 1983, writ ref'd n.r.e.). Since there is no showing in the record that the jurisdiction of the 94th District Court was invoked in the pending case, it was error for this Court to remand the cause back to the 117th District Court. *See Martin;* and *South Texas Development Co. v. Martwick*, 328 S.W.2d 230 (Tex.Civ.App.—Waco 1959, writ ref'd n.r.e.). For this reason alone, we are compelled to reverse the judgment of the trial court and render the appellant take nothing by her suit. We do not, however, intend this disposition to be

an adjudication on the merits of any cause of action appellant has by Bill of Review in the 94th District Court regarding her claim to part of appellee's military retirement benefits.

Appellee has also filed a Motion to Re-tax and Re-adjudge costs on appeal. Appellee also brings forth this contention in his motion for rehearing. In our original judgment, costs of appeal were adjudicated against appellee. We are now of the opinion that costs of appeal should be assessed one-half against appellant and one-half against appellee. Appellee's motion to re-tax and re-adjudge costs is granted, and costs are adjudged as set forth herein.

Appellee's third and fourth points of error in his motion for rehearing are sustained. Appellee's first and second points of error are overruled. Appellee's motion for rehearing is GRANTED in part and OVERRULED in part. The judgment of the trial court is REVERSED and RENDERED.