Richard HARKRIDER, Appellant,

v.

Bertha A. MORALES, Appellee.

No. 04–83–00209–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 20, 1985.

Randolph N. Osherow, San Antonio, for appellant.

John W. Benbow, Benbow & Gross, Inc., San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

OPINION

CANTU, Justice.

This is an appeal from a judgment partitioning a monthly military retirement pension. The parties have brought forth an agreed statement of the case and of the facts proven as permitted by TEX.R.CIV.P. 378.

The following facts were stipulated to by both parties at the time of the trial and have been brought forward on the appeal:

1. That the Plaintiff, BERTHA A. MORALES, and RICHARD HARKRIDER were married on April 2, 1961.

2. That the Defendant, RICHARD HARKRIDER was in the military service of the United States Army at the time of his marriage to the Plaintiff, BERTHA A. MORALES.

3. That the Defendant, RICHARD HARKRIDER, remained in the military service of the United States Army continuously from the date of marriage to the Plaintiff, BERTHA A. MORALES until he was retired on February 28, 1978.

4. Following his retirement from the United States Army, Defendant RICHARD HARKRIDER began drawing a monthly retirement pension which he has drawn on continuously and still receives as a result of his military service.

5. That the Defendant, RICHARD HARKRIDER, served for two hundred forty (240) months in the active service of the United States Army at the time of his retirement.

6. BERTHA A. MORALES, Plaintiff, was married to the Defendant, RICHARD HARKRIDER, for a total of one hundred ninety three (193) months during the two hundred forty (240) months with the United States Army.

7. On September 14, 1981, in Cause No. 81–CI–9747 in the 45th District Court, Bexar County, Texas, the Plaintiff, BERTHA A. MORALES and the Defendant, RICHARD HARKRIDER were divorced.

8. At the time the Plaintiff, BERTHA A. MORALES and RICHARD HARKRIDER, Defendant were divorced on September 14, 1981, the Defendant, RICHARD HARKRIDER was already drawing his military retired pay monthly from the United States Army.

9. The divorce decree dated September 14, 1981 reflecting the divorce of the Plaintiff, BERTHA A. MORALES, and Defendant RICHARD HARKRIDER, made no reference to the military pension or retirement pay being received by the Defendant, RICHARD HARKRIDER.

10. No appeal was perfected by either party to the Decree of Divorce dated September 14, 1981.

11. The retirement pension or pay paid to the Defendant, RICHARD HARKRIDER by the United States Army is regular retirement earned while on active duty and is not the result of any disability incurred on active duty or any disability pay received through the United States Veteran's Administration.

Plaintiff brought suit for a partition of the monthly retirement pension. Evidence was presented and arguments heard on January 14, 1983. Judgment was rendered on March 4, 1983, finding that the parties were tenants in common of the military retirement benefits and that plaintiff was entitled to fifty-percent (50%) of $^{193}/_{240}$ths of the gross retirement pension payment then being received monthly by defendant and all future monthly payments. The first payment was ordered to be paid on February 1, 1983, for the last seventeen days of January 1983, and each payment thereafter to be made on the first day of each month.

Defendant maintains that non-disability military retirement pay is not subject to being partitioned where the divorce decree fails to mention the retirement pay and the divorce was granted after June 25, 1981, and before the effective date of the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C.A. § 1408 (1983).

A brief history of the law pertaining to military retirement pay is in order. Prior to June 26, 1981, all military retirement benefits which accrued during the marriage under Texas law were community property. *See Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976); *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Mora v. Mora*, 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dism'd). Where the divorce decree failed to provide for a division of this community property, the husband and wife became tenants in common or joint owners thereof and the property was thereafter subject to partition. *Busby v. Busby, supra*, at 554; *Clendenin v. Krock*, 527 S.W.2d 471, 473 (Tex.Civ.App.—San Antonio 1975, no writ).

On June 26, 1981, the United States Supreme Court handed down *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In the wake of *McCarty*, the Texas Supreme Court held that the supremacy clause effectively foreclosed the division of military retirement benefits under Texas community property laws. *Trahan v. Trahan*, 626 S.W.2d 485, 487 (Tex. 1981).

On September 9, 1982, the President signed into law the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C.A. § 1408 (1983).[1] Our Supreme Court responded on October 13, 1982, with the opinion in *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982), wherein it stated that the purpose of the act was to reverse the effect of the *McCarty* decision.

> Under the act, a divorce court may divide military retirement pay between the spouses in accordance with the law of the jurisdiction of that court. The act limits such division of retirement pay to periods beginning after June 25, 1981. [10 U.S. C.A. § 1408(c)(1) ].

*Id.* at 212–13. On review of an appeal from the divorce decree, the court affirmed that portion of the judgment awarding the wife a percentage of the retirement pay,

---

**1.** The effective date of the act was February 1, 1983.

but only for the period beginning after June 25, 1981. In *Segrest v. Segrest,* 649 S.W.2d 610, 613 (Tex.1983), in a footnote, the court stated that "Title 10, section 1408 of the Department of Defense Authorization Act of 1983 makes *McCarty* nugatory with respect to its application to judgments rendered after the date of the decision." *Citing Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982); 10 U.S.C.A. § 1408(c)(1); 128 Cong.Rec. H5999–6000 (daily ed. August 16, 1982, conference explanation).

 Thus, according to our interpretation of opinions of the Texas Supreme Court, military retirement benefits again became subject to our Texas community property laws as of June 25, 1981. Plaintiff was married to the defendant for a total of one hundred and ninety-three (193) months during the two hundred and forty (240) months he served in the United States Army. Under the act, plaintiff is entitled to receive a portion of the retirement pay. The divorce decree of September 14, 1981, did not mention the retirement pay. According to our community property laws, plaintiff and defendant became tenants in common, and the military retirement pay was thereafter subject to a partition action.

After review of the case of *Salmans v. Salmans,* 643 S.W.2d 778 (Tex.App.—San Antonio 1982, no writ), written by another panel of this court, we find it to be in conflict with the position we now assume. The *Salmans* case was an appeal from a take nothing judgment on a petition for partition of military retirement benefits. The parties were divorced prior to *McCarty* and the divorce decree failed to mention military retirement benefits. After an examination of the USFSPA, a panel of this court held that the act's provisions did not affect the authority of the holding in *Trahan* which held that *McCarty* precluded a division of a spouse's entitlement to military retirement benefits which were not divided in the original divorce decree.[2]

 It appears, under *Cameron,* that any retirement pay payable to members for pay periods beginning after June 25, 1981, are subject to Texas' community property laws. Thus in *Salmans,* any retirement pay payable after June 25, 1981, should have been subject to a partition action as provided for by our community property laws. This panel therefore declines to follow the holding in *Salmans.*

 Defendant further complains that the trial court erred in applying the USFS-PA to this case since the act did not take effect until February 1, 1983. The judgment in this case was signed and rendered on March 4, 1983, more than one month after the effective date of the act. Defendant's ground of error two is overruled.

The judgment is affirmed.

---

2. The panel appears to have been wrongfully swayed by the fact that the parties therein had not been married 10 years. *See Oxelgren v. Oxelgren,* 670 S.W.2d 411 (Tex.App.—Fort Worth 1984, no writ).