OPINION
KENNEDY, Justice.
This appeal involves the retroactive effect of the Uniformed Services Former Spouses’ Protection Act (USFPA), 10 U.S. C.A. § 1408(c)(1) (West 1983). Appellant raises ten points of error. We reverse the judgment of the trial court and remand for a new trial as to the division of property.
On December 29, 1981, the trial court granted the parties a divorce and made a division of the community estate. Carol Gordon appealed that division, claiming the trial court erred in failing to consider William Gordon’s military retirement in the division of the community estate. In Gordon v. Gordon, 659 S.W.2d 475 (Tex.App.-Corpus Christi 1983, no writ) (Gordon I), this Court found that:
At the time it entered the divorce decree now before us, the trial court could neither apportion appellee’s military retirement nor could it consider it as a factor in apportioning the community estate. However, over one year after the trial court entered its decree, Congress enacted the “Uniformed Services Spouses’ Protection Act.” This act effectively provided that, subject to limitations contained in it, appellee’s military retirement became subject to Texas Community Property Laws as of June 25, 1981; this date being more than six months prior to the trial courts entering of the divorce decree.
Id. at 478. Upon no fault of the trial court, we mandated that it was necessary that the part of the judgment which divided the property of the parties be reversed and remanded for a new trial, at which time the trial court may consider a division of appel-lee’s military retirement.[1]
Upon remand, the trial court found that, based upon the evidentiary hearing in 1981, the “Court considered the vested military retirement pay of William Thomas Gordon as to both its separate and community aspects before it partitioned the marital assets between the parties in its judgment signed on December 29, 1981.” The trial court denied appellant an evidentiary hearing with regard to the division of the community property; denied appellant’s request for a jury; allowed only counsels’ arguments; and then made the same division of the community property previously made, except that William Gordon was awarded the full amount of the military retirement benefits.
Appellant, by points of error one through three, complains that the trial court erred in denying appellant an evidentiary hearing upon remand for a new trial and in granting William Gordon’s Plea in Bar.
Generally, when an appellate court remands a case for further proceedings, the effect is to remand the case for a new trial on all the issues of fact and the case is reopened in its entirety. If a reversal is limited to particular fact issues, it must clearly appear from the decision that it is so intended. Price v. Gulf Atlantic Life Insurance Co., 621 S.W.2d 185, 187 *492 (Tex.Civ.App.—Texarkana 1981, writ ref’d n.r.e.). The judgment in Gordon I clearly states that “the part of the judgment which divided the property is reversed and remanded for new trial.” The trial court erred in disregarding, this language and denying the parties an evidentiary hearing with respect to the property division.
Further, if the trial court initially considered the military retirement pay, as it contends upon remand, this was a clear abuse of discretion. At the time of trial, military retirement was not one of the factors the trial court could properly consider. See Gordon I, 659 S.W.2d at 478. When a court of appeals finds reversible error which materially affects the trial court’s just and right division of the property, it must remand the entire community estate for a new division. Jacobs v. Jacobs, 687 S.W.2d 731, 732 (Tex.1985). We sustain appellant’s points of error one through three.
Appellant, by her fourth point of error, complains that the trial court erred in denying appellant a jury trial upon remand.
If, upon remand, the demanding party complies with TEX.R.CIV.P. 216, waiver of a jury at one trial does not affect either party’s right to demand á jury on the second trial after a remand. See Harding v. Harding, 485 S.W.2d 297, 299 (Tex.Civ.App.-San Antonio 1972, no writ). We sustain appellant’s fourth point of error.
Appellant, by her seventh and eighth points of error, complains that the trial court erred upon remand in denying further discovery and an accounting of the community property of the parties.
The trial court’s decision on whether or not to order discovery cannot be set aside unless there is a clear showing of abuse of discretion. Durham v. Cannan Communications, Inc., 645 S.W.2d 845, 847 (Tex.App.-Amarillo 1982, writ dism’d); Martinez v. Rutledge, 592 S.W.2d 398, 399 (Tex.Civ.App.-Dallas 1979, writ ref’d n.r.e.). After remand of Gordon I, Carol Gordon brought an original mandamus proceeding asking this Court to mandate that the trial court allow discovery of the same matters complained of in appellant’s points of error seven and eight. This Court held in that proceeding, “Judge Blackmon did not abuse his discretion by denying additional discovery by relator.” Gordon v. Blackmon, 675 S.W.2d 790, 794 (Tex.App.-Corpus Christi 1984, no writ). We overrule appellant’s seventh and eighth points of error.
Having discussed the controlling issues, we will not address appellant’s remaining points of error. TEX.R.CIV.P. 451. As in Gordon I, that part of the decree which divorced the parties is not attacked in this appeal. The part of the judgment which divided the property of the parties is reversed and remanded for a new trial.

. Due to the "perplexing and unusual circumstances created by the retroactive effect” of the USFSPA, justice required that we reverse the judgment and remand for a new trial; notwithstanding that normally, where a divorce decree fails to provide for the division of community property, the husband and wife become tenants in common. Gordon I, 659 S.W.2d at 478.