Opal Frances HARRELL, Appellant,

v.

Herbert Clifton HARRELL,
Jr., Appellee.

No. 13–84–077–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 23, 1986.

Ann E. Coover, Coover & Coover, Corpus Christi, for appellant.

Pat Morris, Corpus Christi, for appellee.

Before UTTER and SEERDEN, JJ.

OPINION

UTTER, Justice.

This is a partition suit brought by a former spouse seeking division of military non-disability retirement benefits. This case has been before our Court once before. *See Harrell v. Harrell,* 684 S.W.2d 118 (Tex.App.—Corpus Christi 1984) (*Harrell I*), reversed 692 S.W.2d 876, 28 Tex. Sup.Ct.J. 552 (Tex.1985). On remand, we reverse and render.

The factual background as to the original divorce proceedings and problems presented are set forth in our original opinion in *Harrell v. Harrell*, 684 S.W.2d at 119, 120. *(Harrell I)*.

Trial in the partition suit from which this appeal was taken was held on September 12, 1983; on November 3, 1983, the trial court entered its judgment that appellant take-nothing. On February 6, 1984, the trial court filed the following supporting findings of fact and conclusions of law:

### FINDINGS OF FACT

\*　\*　\*　\*　\*　\*

6. The ratio of months married and earning retirement to the total months in military service is $^{168}/_{250}$ or 67.2%.

7. At the time of the Harrell divorce on October 29, 1981, Herbert C. Harrell was receiving a net disposable retirement pay of $876.00 per month, and such is the monthly value of Mr. Harrell's retirement benefits as of the date of the divorce.

8. Any increase in retirement benefits of Herbert C. Harrell after the date of the Harrell divorce is not subject to partition.

9. The military retirement benefits of Herbert C. Harrell were before the divorce court and were requested to be "awarded, divided and partitioned" as community property set forth in the pleadings of Opal Frances Harrell, and testimony of both parties and as being received in Herbert C. Harrell's statement of expenses and income.

10. The divorce court in the Harrell divorce considered and disposed of the military retirement benefits by denying all relief requested and not expressly granted in the Decree of Divorce.

11. The divorce court in the Harrell divorce considered and disposed of military retirement benefits as communi-

ty property as noted in the unequal division of the other community assets.

12. The divorce court in the Harrell divorce heard testimony that Herbert C. Harrell is an alcoholic and incapable of sustained employment.

\*　\*　\*　\*　\*　\*

15. Herbert C. Harrell and Opal Frances Harrell are not tenants in common as to the military retirement benefits.

\*　\*　\*　\*　\*　\*

18. Any allowable partition of the Harrell military retirement benefits must be according to the value of those benefits as of the date of divorce.

In the instant case, it is established that the parties' final, unappealed divorce decree was entered in the interim or "gap period" subsequent to the date of *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and prior to the effective date of the Uniformed Services Former Spouses' Protection Act (USFSPA) (February 1, 1983) and the subsequent suit for partition was filed by appellant after the effective date of the USFSPA (February 1, 1983).

We now address appellant's remaining points of error. In her first, second, third, and sixth points of error appellant challenges the trial court's findings of fact which support the proposition that the divorce court considered and apportioned appellee's military non-disability retirement benefits in its divorce decree. In support of the trial court's findings, appellee argues that the divorce court did not follow the then-existing law[1] (1) by apparently having considered the military retirement benefits in its disposition of the parties' community estate, since "removing the military retirement benefits from consideration would result in an unjustified unequal division by the divorce court" or, in the alternative, (2) by having apportioned the military retirement benefits by "denying all other relief requested."

1. *See McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981); *Trahan v. Trahan*, 626 S.W.2d 485 (Tex.1981).

As noted in the original opinion in *Harrell I,* a trial court during the "gap period" could neither consider nor apportion military non-disability retirement benefits in its division of the community estate of the divorce parties. *Harrell I,* 684 S.W.2d at 121. A presumption exists that a trial court acted in the manner required by the applicable law at the time of its actions. *Patino v. Patino,* 687 S.W.2d 799, 802 (Tex.App.—San Antonio 1985, no writ); *Gordon v. Gordon,* 659 S.W.2d 475, 478 (Tex.App.—Corpus Christi 1983, no writ).

Under the USFSPA, military retirement benefits became again subject to Texas community property law as of June 25, 1981. *Harkrider v. Morales,* 686 S.W.2d 712 (Tex.App.—San Antonio 1985, no writ); *see Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982); *see also Segrest v. Segrest,* 649 S.W.2d 610 (Tex.1983). The divorce decree of November 4, 1981, did not mention appellee's military non-disability retirement benefits. The divorce court followed the then existing law and did not apportion or consider the military retirement benefits in that divorce decree. Accordingly, under Texas community property law, appellant and appellee became tenants-in-common with respect to the military retirement benefits, and the military retirement benefits were thereafter subject to a suit for partition, the correct procedural remedy. *Harrell v. Harrell,* 692 S.W.2d 876, 28 Tex.Sup.Ct.J. 552 (Tex.1985); *Harkrider v. Morales,* 686 S.W.2d 712 (Tex.App. —San Antonio 1985, no writ). Appellant's first, second, third and sixth points of error are sustained. In addition, appellant's seventh point of error (which was previously overruled in the original opinion in *Harrell I*) is also sustained.

As noted above, our Court declined to address, in the original opinion in *Harrell I,* appellant's fifth and eighth points of error because "any holding on our behalf would be purely advisory." *Harrell I,* 684 S.W.2d at 123. In her fifth point of error, appellant challenged the trial court's finding that the divorce court heard testimony that appellee was an alcoholic and was incapable of sustained employment. As noted above, the record of the partition proceedings does not include a statement of facts from the divorce proceeding. However, the record does reflect the following: In her "CROSS-ACTION" for divorce filed in the divorce court, appellant expressly alleged as grounds for divorce that appellee had been "under the influence of alcohol most of the time he is at home." As presented to the divorce court, appellee's statement of income and expenses (Exhibit RX–1) listed net "Navy Retirement Pay" in the amount of $876.00 per month as his sole income. In the partition proceedings, appellee testified that, at that time, he was not "holding another job" and that his sole source of income was "his pension from the U.S. Navy."

After reviewing the entire record, we find no evidence to support the trial court's finding that the divorce court heard testimony that appellee was an alcoholic and was incapable of sustained employment; however, we hold that such error was harmless. TEX.R.CIV.P. 434. Appellant's fifth point of error is overruled.

In her eighth point of error, appellant challenges the trial court's finding that any post-divorce increases in appellee's military non-disability retirement benefits were not subject to partition. The record reflects that (1) at the time of the divorce, appellee was receiving net military non-disability retirement benefits in the amount of $876.00 per month, (2) since the time of the divorce, he has received increases in his monthly net military non-disability retirement benefits and (3) at the time of the trial in the partition suit, he was receiving net military non-disability retirement benefits in the amount of $1,003.00 per month.

In support of the trial court's finding, appellee relies upon *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983). However, we find the *Berry* decision distinguishable from the instant case. In *Berry,* the divorce decree was silent regarding the distribution of Mr. Berry's accrued retirement benefits from Southwestern Bell Telephone Company. Following the divorce, Mr. Berry continued working with Southwestern Bell until his subsequent retirement almost twelve years

after the divorce. After his retirement, Mrs. Berry brought suit to collect her share of the unapportioned retirement benefits. In *Berry*, the Texas Supreme Court concluded:

> It is clear from the record in this case that twelve additional years of work following divorce, which included some twelve to fourteen pay raises, plus union contract negotiations for an improved benefits plan, brought about the increase in retirement benefits paid to Mr. Berry. These post-divorce increases cannot be awarded to Mrs. Berry, for to do so would invade Mr. Berry's separate property, which cannot be done. *Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982).

*Berry v. Berry,* 647 S.W.2d at 947.

Unlike in *Berry*, appellee's post-divorce labors did not contribute to the post-divorce increases in his military non-disability retirement benefits. Accordingly, the award of one-half of these post-divorce increases in appellees' military non-disability retirement benefits to appellant would not invade appellee's separate property. *See Berry v. Berry,* 647 S.W.2d at 947; *see also Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982).

We hold that the trial court erred in finding that any post-divorce increases in appellee's military retirement benefits were not subject to partition. Appellant's eighth point of error is sustained.

Consequently, appellant is entitled to one-half of 67.2% of appellee's military non-disability retirement benefits since June 25, 1981. *See Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976); *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970); *Harkrider v. Morales,* 686 S.W.2d 712 (Tex.App.—San Antonio 1985, no writ); *see also, Vines v. Vines,* 683 S.W.2d 117 (Tex.App.—San Antonio 1984, no writ).

We REVERSE and REMAND the judgment of the trial court for determination of amounts due appellant in accordance with this opinion.