Thomas HARDING, Appellant,

v.

Marjorie HARDING, Appellee.

No. 14841.

Court of Civil Appeals of Texas,
San Antonio.

July 29, 1970.

Rehearing Granted in Part and Overruled
in Part Dec. 2, 1970.

**236**

Carter, Callender & Branton, San Antonio, Claude H. Gilmer, Rocksprings, for appellant.

Forrest Bennett, Moursund, Ball & Young, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Thomas Harding, appeals from those portions of a divorce decree setting aside a property settlement agreement executed by plaintiff and his wife, Marjorie Harding, defendant, adjudicating the property rights of the parties, and awarding defendant the sum of $9,000.00 as attorneys' fees.

The property settlement agreement was executed on June 28, 1968, 64 days before plaintiff filed this suit for divorce and asking that the agreement, which was alleged to be fair and just, be confirmed and ap-

proved by the court. The court found that the agreement was entered into in contemplation of divorce, that it was unfair, unequal and unjust, and that plaintiff was induced to execute the agreement by the fraud of defendant.

After the court had filed its findings of fact, plaintiff requested that the trial court make 63 additional findings. In response to this request, the trial court made two additional findings, not here relevant, but refused to make the 61 other findings requested by plaintiff.

The trial court did not err in denying plaintiff's request for an additional "finding of fact", pointing out the evidence on which the court based the finding that the agreement was entered into in contemplation of divorce. A trial court is under no duty to support its findings of fact by a recital of the evidence on which such findings are based. It discharges its obligation when it makes findings on controlling, or ultimate, as distinguished from evidentiary, facts. Plaza Co. v. White, 160 S.W.2d 312 (Tex.Civ.App.—San Antonio, 1942, writ ref.).

It is undisputed that on the day following the execution of the agreement, plaintiff abandoned defendant and demanded a divorce, so that he could marry defendant's sister-in-law. This evidence supports the conclusion that, at least insofar as plaintiff was concerned, the agreement was entered into in contemplation of divorce.

Plaintiff does not challenge the sufficiency of the evidence to support the finding that the settlement was unfair, unequal and unjust. Where a husband seeks a property division in furtherance of his plan to secure a divorce, the fact that he conceals his true intention from his wife will not prevent the application of rules governing the enforceability of property agreements executed at the time of permanent separation. The validity of such

agreements depends on whether or not the agreements are fair and equitable.[1]

■ Since the trial court found that the settlement agreement was not fair and equitable, it did not abuse its discretion in setting the agreement aside and refusing to approve and confirm it.

■ Since the judgment of the trial court setting aside the property settlement agreement needs no support other than the unchallenged finding that the agreement was not fair and equal, we do not consider plaintiff's complaints concerning the failure of the trial court to make other requested additional findings. Such additional findings could not require the rendition of a different judgment. The error, if any, in refusing to make such findings was, therefore, not prejudicial to the rights of the plaintiff.

There is ample evidence relating to the property owned by the parties on June 28, 1968, less than three months before the divorce suit was filed. Since there is no testimony indicating that any of the property, with reference to which the trial court acted in partitioning the estate of the parties, had been transferred to other parties by either spouse, we overrule plaintiff's point asserting that there was no evidence of the property which made up the community estate of the parties.

■ We agree with plaintiff that there is no evidence in the record to support the award to defendant of $9,000.00 as attorneys' fees. Although there is evidence to the effect that $30.00 per hour is a customary and reasonable charge for the rendition of legal services of the type here involved, there is no testimony which even tends to indicate the number of hours which defendant's attorneys devoted to the preparation and trial of this case. After an attorney testified as to the reasonableness of a charge of $30.00 per hour, the trial court instructed the attorneys to stipulate concerning "the total hours spent." No such stipulation appears in the record.

■ However, it is reasonable to conclude that, but for the intervention of the trial court in ordering the parties to stipulate, defendant's attorneys would have testified concerning the time each had devoted to the protection of defendant's interests in this case. Under these circumstances, a remand so that this aspect of the case may be properly developed would further the interests of justice.

The portion of the judgment awarding defendant $9,000.00 as attorneys' fees is severed and that aspect of the case is remanded to the trial court for a new trial. In all other respects the judgment appealed from is affirmed.

The costs of this appeal are taxed one-fourth against plaintiff and three-fourths against defendant.

1. The validity of a property settlement agreement on permanent separation is not dependent on constitutional or statutory authorization. The validity of a property agreement between husband and wife who contemplate continued conjugal relations depends on Article 16, Sec. 15, of the state constitution and what was, at the time this case was tried, Article 4624a., Tex. Rev.Civ.Stat.Ann. (now Article 5.42, Tex. Fam.Code). The authority of a court to approve, in a divorce proceeding, a property settlement entered into by husband and wife, is derived from the provisions of what was Article 4638 (now Sec. 3.63, Tex.Fam.Code). The power of husband and wife to effect a division of their property on permanent separation is derived from common-law precedents, and has long been judicially recognized. The only requirement to the validity of such an agreement is that it be fair and equal. Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324 (1890); Corrigan v. Goss, 160 S.W. 652 (Tex.Civ.App.—El Paso, 1913, writ ref.); Speckels v. Kneip, 170 S.W.2d 255 (Tex.Civ.App.—El Paso, 1942, writ ref.); Hoyt v. Hoyt, 351 S.W.2d 111, 113 (Tex. Civ.App.—Dallas, 1961, writ dism.). See Huie, the Community Property Law of Texas, 13 Vernon's Civ.Stat. of Tex.Ann., 1, 31 (1960).