Sue Ellen MORGAN, Appellant,

v.

Dempsey Kemp MORGAN, III, Appellee.

No. 8621.

Court of Appeals of Texas, Beaumont.

Aug. 27, 1981.

Frank Robin, Jr., Woodlands, for appellant.

Larry D. Killion, Houston, for appellee.

CLAYTON, Justice.

This is an appeal from a judgment rendered in a divorce proceeding. Appellee, Dempsey Kemp Morgan, III, filed this suit for divorce, and at the trial the parties entered into a stipulation and agreement as to child custody and a property agreement which disposed of all the property of the parties except their home located in Conroe, Texas. The parties submitted to the trial court only the issue of the division of their home. The trial court approved the property settlement agreement and awarded the home to appellee as his separate property. It is from this portion of the judgment, disposing of the home, that appellant, Sue Ellen Morgan, appeals.

On February 28, 1979, the parties entered into a written "Marital Separation Agreement" where the parties se'.tled "their rights to all property acquired by either of them during their marriage per this separation agreement...." By this agreement, certain specific personal property was set aside to appellee as his separate property, and certain specific personalty was set aside to appellant as her separate property.

There are provisions in this agreement as to payment for child support, visitation rights and matters relating to federal income tax liabilities. This agreement further provides that "[i]n exchange for Two Thousand Eight Hundred and Ninety-one ($2,891.00) dollars of community funds, Sue Ellen Morgan relinquishes all of her right, title and interest unto the following described real property . . ." which is followed by a proper legal description of the home involved on this appeal. The agreement contains this clause: "This agreement shall be null and void upon either Wife or Husband filing for divorce, except for Husband's dependency exemption claim. . . ."

On the same date as the "Marital Separation Agreement," the parties executed a separate agreement styled: "Partition Agreement of Community Property Per Section 5.42—Texas Family Code" wherein the parties state they "have partitioned in severalty and exchanged for community funds in the amount of . . . ($2,891.00) unto

Dempsey Kemp Morgan, III, as his sole separate property and estate, all of Sue Ellen Morgan's right, title and interest in and to the following described real property [here follows the legal description of the home]. Said exchange for community funds shall forthwith be considered Sue Ellen Morgan's separate property."

Appellant, pursuant to her partition agreement, executed a quit-claim deed whereby she conveyed the home to appellee as his separate property. This deed was properly acknowledged and recorded in the deed records in Montgomery County. Appellant received the $2,891.00 and used this sum as a part of the purchase price of other realty as her separate property. At the time of the conveyance of the home by appellant to appellee, there was an indebtedness of approximately $41,000 against the home, and appellant executed an instrument stating (for the mortgagee) that she had conveyed the home to appellee and agreed that "all funds held by you for our account in connection with our loan or in escrow to pay taxes and insurance ... belong to Dempsey Kemp Morgan, III, as his separate property."

Based upon the foregoing instruments, and the stipulation and the agreed property settlement made at the time of trial, the court entered judgment, inter alia, decreeing the home of the parties constituted the separate property of appellee, and it is from this disposition of the home that this appeal has been perfected.

Even though appellant complains only of the disposition of the home as the separate property of appellee, her first point complains of error in the court's "conclusions of law Nos. 1, 2, 3, and 4 ... as being contrary to the law and against the great weight and preponderance of the evidence." She challenges the conclusions that:

1. The "Marital Separation Agreement ... is a division of property under [*Sec. 5.42*] of the Texas Family Code,"

2. That portion of the "Marital Separation Agreement ... which deals with child support and visitation is an agreement incident to divorce,"

3. The "Marital Separation Agreement between the parties is fair and equitable to the parties.

4. The various agreements executed by the parties in contemplation of divorce should be in all things approved."

The first three conclusions stated above are directed toward the "Marital Separation Agreement." We assume this agreement is the one and same agreement entered into February 28, 1979. This agreement was not made in contemplation of divorce because it specifically provides that it would be "null and void upon either Wife or Husband filing for divorce...." Upon its own terms this agreement became null and void seventeen months following its execution upon the filing of the divorce petition by appellee. This fact was apparently recognized by the parties because they entered into a new and different property settlement agreement at the time of trial. The conclusions of law challenged by appellant under this point could not have been harmful to appellant for the reason that the judgment entered by the court, as to the disposition of the home, was not based upon this "Marital Separation Agreement" but was based upon the "Community Property Partitioning Agreement and escrow agreement," as was specifically stated in the judgment. This point is overruled.

Appellant's second point complains of error "in approving the agreement executed ... in contemplation of divorce for the reason ... the agreement was manifestly unfair and prejudicial to Appellant." Her argument is based upon the "unfairness" of the "property settlement agreement." We have pointed out such "Marital Property Settlement Agreement" was not the one upon which the judgment was based. If appellant is complaining of the "Partitioning Agreement" and the deed executed pursuant thereto, she is laboring under the mistaken belief that such Partition Agreement and deed must be approved by the trial court and approved only upon a

**450**

finding that they were fair and just. The authorities cited by appellant in support of her argument concern only property settlement agreements and not a partition of the parties' community property under *Sec. 5.42* of the Family Code. The parties may legally partition all or any part of their community property upon compliance with the provisions of *Tex.Const. art. XVI, § 15*, and *Sec. 5.42* of the Texas Family Code (1975). The partition agreement executed by the parties was in compliance with the provisions of such constitutional and statutory provisions. We agree with appellant that a property settlement agreement made in contemplation of or as an incident of divorce must be approved by the trial court granting a divorce when it finds that such agreement is fair, just and equitable and has been entered into without coercion or other undue influence. *Bohn v. Bohn*, 455 S.W.2d 401 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ dism'd). The requirement for such property settlement agreements have not been engrafted upon partition agreements made pursuant to the provisions of *Tex.Const. art. XVI, § 15*, or *Sec. 5.42* of the Family Code.

In the case at bar, the parties entered into a partition agreement expressly stating that such partitioning of their community property was made pursuant to the provisions of *Sec. 5.42* of the Family Code. By the terms of such agreement, appellee was to receive the equitable interest in the home, and appellant was to receive $2,891.00. Appellant then executed a quitclaim deed to appellee conveying the realty to him as his separate property. She received the $2,891.00 as her part of the partitioned community property. Approximately nine months following the partition transaction, appellee filed his petition for divorce. Acting pursuant to a court order, appellee filed an inventory and appraisement and listed the home as his separate property. Appellant did not contest or challenge this "listing," and she did not plead the property was community and did not in any manner seek to set aside the deed for any reason. Appellant's counsel stated to the court that appellant did not

allege or rely upon any fraud or coercion but "in totality, unfairness."

 The partition agreement made under the provisions of *Sec. 5.42*, Texas Family Code, as authorized and permitted by *Tex.Const. art. XVI, § 15*, and the deed executed pursuant to such agreement effectively conveyed the realty to appellee as his separate property and could only be set aside for reasons, such as fraud, undue influence, mistake or upon any other valid grounds as in any case of attempting to set aside any conveyance. See *Dalton v. Pruitt*, 483 S.W.2d 926 (Tex.Civ.App.—Texarkana 1972, no writ). No such grounds for setting aside a deed were alleged or proved by appellant. The trial court properly decreed the realty involved herein as the separate property of appellee.

The judgment of the trial court is affirmed.

AFFIRMED.