Trong PATINO, Appellant,

v.

Isaac PATINO, Appellee.

No. 04–83–00230–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 26, 1985.

Sue M. Hall, San Antonio, for appellant.

Ronald H. Budman, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from the property division in a divorce decree.

Isaac and Trong Patino were married while Isaac was a member of the service. He has since retired from the military. On February 22, 1980, the parties entered into a "SEPARATION AGREEMENT (PROP-

ERTY SETTLEMENT AND SUPPORT AGREEMENT)." The agreement recited that the parties were presently married but that differences had arisen, and they intend to live separate and apart from each other for the rest of their natural lives. Under the section entitled "Division of Assets," the husband declared himself to be a trustee for his wife's and child's benefit of all his military retirement pay. He further agreed to execute an allotment of his retirement pay to his wife. In a separate and attached schedule the homestead of the parties was set aside to the wife along with other personal property. Another schedule set aside various personal property to the husband. The agreement also contained the language:

> If venue of any suit arising from or relating to this agreement cannot be fixed under the preceding sentence, it shall lie in the county in which the judgment of divorce is granted.... The parties respectfully request the court having jurisdiction of their divorce to approve this agreement and to incorporate it into any divorce decree that may be entered in this case.

The agreement was signed by the parties and acknowledged by each of them before a notary public.

Contemporaneous with the separation agreement, Isaac executed a special warranty deed of the homestead to Trong. The deed was executed with all necessary formalities and was filed of record. No action was taken by either of the parties with respect to the military retirement pay except to permit the existing allotment to continue to the joint bank account of which each party had full access. Isaac moved out of the house two days later. There was a brief reconciliation followed by an extended separation and the filing of a divorce suit by Isaac on January 25, 1982.

A non-jury trial was held following which the trial judge announced that he found the separation agreement entered into by the parties was not just, fair, and equitable, and therefore, the agreement was set aside. Trong was awarded the homestead and the other personal property she had received in the agreement. Isaac was awarded all military retirement pay that accrued after the date of the divorce, which was April 28, 1982. The written decree was not signed by the judge until January 28, 1983.

After the decree of divorce was signed by the court, a request for findings of fact and conclusions of law was filed. When the court did not file additional findings, a reminder to file findings of fact was timely presented to the trial court. No additional findings were filed.

Trong complains on this appeal of the action of the trial court in setting aside the separation agreement and awarding the military retirement to Isaac. Trong contends that though it is labeled, "SEPARATION AGREEMENT," the document was in fact a partition agreement executed in writing and subscribed by all the parties as required by TEX. CONST. art. XVI, § 15 and TEX.FAM.CODE ANN. § 5.44 (Vernon Supp.1984).

■ Article 16, section 15 of the Texas Constitution and section 5.42 of the Texas Family Code do provide a way for spouses who contemplate continual conjugal relations to partition or exchange community property and change its character to separate property. There is no requirement for judicial approval of such a partition or exchange agreement. *Morgan v. Morgan,* 622 S.W.2d 447, 450 (Tex.Civ.App.—Beaumont 1981, no writ).

■ There is extensive common-law precedent empowering a husband and wife to effect a division of their property on permanent separation. The only prerequisite to such agreement is that it be fair and equal. *Harding v. Harding,* 461 S.W.2d 235 (Tex.Civ.App.—San Antonio 1970, no writ) (and cases cited therein at Footnote No. 1).

■ Section 3.631 of the Texas Family Code authorizes the parties to enter into a written agreement concerning the division of all their property and liabilities. TEX. FAM.CODE ANN. § 3.631 (Vernon Supp.

1984). In a subsequent proceeding for divorce, the terms of such agreement are binding on the court unless it finds that the agreement was not just and right.

Since the trial court ruled on the fairness of the agreement, he obviously was treating it as a property settlement made in contemplation of divorce and not a partition agreement that did not require his approval. We hold that the action of the trial court in setting aside the "SEPARATION AGREEMENT" was a proper exercise of his duty and power under section 3.631 of the Texas Family Code.

■ The wife does not challenge the sufficiency of the evidence to support the finding of the court that the separation agreement was not just, fair and equitable. She does, however, contend that the trial court should have made a specific finding as to whether the agreement was incident to divorce or a partition of community property.

■ The trial court is only required to make findings of fact on the ultimate or controlling issues. *Harding v. Harding, supra,* at 236; *Friedman v. Cohen,* 429 S.W.2d 510, 512 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); TEX.R. CIV.P. 298. The court made the finding that the agreement was not just, fair and equitable. This issue was the controlling and ultimate issue, and no other findings were necessary.

■ Also, although no formal conclusions of law appear in the record other than the decree, we are authorized to recognize findings which are necessary legal implications of the judgment entered below. *Donahoe v. Allen,* 608 S.W.2d 745, 747 (Tex.Civ.App.—Beaumont 1980, no writ); *Sentry Development Corp. v. Norman,* 553 S.W.2d 664, 665 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). Accordingly, we find that the trial judge's specific finding carried with it the implication that the agreement in question was not a partition agreement but, instead, an agreement incident to divorce which required a "just and right" finding by the judge in order for it

to be enforced. TEX.FAM.CODE ANN. § 3.631 (Vernon Supp.1984).

There still remains a compelling reason why part of the case must be returned to the trial court for re-examination. This is prompted by the chronology of the decision of the United States Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the adoption of the Uniform Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408 (1983), and the date of the divorce decree in this case. The Texas Supreme Court interpreted *McCarty* as holding that the supremacy clause of the United States Constitution effectively foreclosed the division of military retirement benefits under Texas community property laws. *Trahan v. Trahan,* 626 S.W.2d 485, 487 (Tex.1981).

■ Following the adoption of the Spouses' Protection Act, the Texas Supreme Court held that the purpose of the act was to reverse the effect of the *McCarty* decision and empower a Texas court to divide military retirement pay in accordance with Texas community property laws beginning with pay periods after June 25, 1981. *Cameron v. Cameron,* 641 S.W.2d 210, 212–13 (Tex.1982).

■ We cannot tell from the judgment or the entire record if the trial judge awarded the military retirement to Isaac as his share of the community or if he believed it to be Isaac's separate property and therefore not subject to division.

A presumption exists that a trial court acted in the manner required of it by the applicable law at the time of its actions. *Gordon v. Gordon,* 659 S.W.2d 475, 478 (Tex.App.—Corpus Christi 1983, no writ).

The trial judge announced his decision on April 28, 1982. The judge signed the decree on January 28, 1983. The effective date of the Spouses' Protection Act was February 1, 1983. On the day the trial judge entered the divorce decree, *McCarty* precluded him from apportioning the military retirement. We conclude that the trial judge, in awarding the military retirement benefit to Isaac, was following the mandatory law as he understood it to be at that

moment rather than what he deemed to be just and right for the parties.

The effect of *McCarty* having been reversed by the Spouses' Protection Act, the Texas law is stabilizing after an unusual period. A trial judge would now be free to consider a division of Isaac's military retirement in accordance with the evidence and approved formula. *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976). Any retirement pay for periods after June 25, 1981, are subject to Texas community property law. *Cameron v. Cameron, supra,* at 212–13.

Since the judgment in this case is not final, it is appropriate that the parties be given an opportunity to develop the case knowing the now-applicable law. *Gordon v. Gordon, supra,* at 478; *Voronin v. Voronin,* 662 S.W.2d 102, 106 (Tex.App.— Austin 1983, no writ). Since each party was claiming the full retirement benefits, the record was not fully developed as to a proper basis for a division.

The part of the judgment which sets aside the separation agreement is affirmed. The part of the judgment which divided the property of the parties is reversed and remanded for a new trial, at which time the trial court may consider a division of appellee's military retirement.