# IN THE SUPREME COURT OF TEXAS

═══════════

No. 18-0413

═══════════

TOWN OF SHADY SHORES, PETITIONER,

v.

SARAH SWANSON, RESPONDENT

═══════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

═══════════════════

**Argued September 24, 2019**

JUSTICE LEHRMANN delivered the opinion of the Court.

We are presented with two issues in this case: (1) whether a no-evidence motion for summary judgment is a proper procedural vehicle to defeat jurisdiction on the ground of governmental immunity; and (2) whether the Texas Open Meetings Act waives governmental immunity with respect to declaratory judgment claims. The court of appeals answered no to the first question and yes, at least in part, to the second. We disagree on both counts. Because only a portion of the court of appeals' judgment is challenged here, we reverse the court's judgment in part. We remand the case to the court of appeals to address remaining issues in light of this opinion.

## I. Background[1]

This suit stems from an employment dispute between the Town of Shady Shores (the Town) and its former town secretary, Sarah Swanson. During a February 27, 2014 town-council meeting, the council voted to terminate Swanson's employment. Before voting, the council convened in executive session; the meeting agenda reflected that the council "may hold a closed meeting" to deliberate Swanson's continued employment and obtain confidential legal advice regarding the same matter.

Swanson sued the Town, initially alleging that she was wrongfully terminated in retaliation for (1) refusing to destroy a recording of a Town investment-committee meeting, (2) reporting that members of the committee had destroyed the recording after she refused to do so, and (3) reporting violations of the Texas Open Meetings Act and Texas Public Information Act. In her original petition, she asserted claims under the Whistleblower Act and *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 799 (Tex. 1985).[2] She sought past and future lost wages and benefits as well as noneconomic damages.

The Town filed a plea to the jurisdiction, arguing it was entitled to governmental immunity on both claims. Swanson then amended her petition to add factual allegations supporting her existing claims and to add new claims, including (1) claims for a declaratory judgment that the termination of her employment violated the Open Meetings Act as well as the Texas Constitution's

---

[1] We present an abbreviated version of the factual background in this opinion, describing only those facts pertinent to the legal issues presented.

[2] The Whistleblower Act prohibits a governmental entity from terminating the employment of "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002(a). And in *Sabine Pilot*, we held that an employer may not discharge an employee "for the sole reason that the employee refused to perform an illegal act." 687 S.W.2d at 735.

due course of law provision and (2) a claim that she was terminated in violation of her free speech rights. She sought relief including a declaratory judgment that her removal as town secretary was void under the Open Meetings Act; an order requiring the Town to make available to the public any agendas or recordings of past meetings required to be open; reinstatement to her position as town secretary; payment of past wages; a permanent injunction requiring the recording of all council deliberations at regularly scheduled meetings; and attorney's fees.[3]

In response to Swanson's amended petition, the Town amended its plea to the jurisdiction to address Swanson's new allegations underlying her Whistleblower Act and *Sabine Pilot* claims. The Town also filed traditional and no-evidence motions for summary judgment on all claims. In both motions, the Town argued it was entitled to governmental immunity with respect to Swanson's Whistleblower Act, *Sabine Pilot*, and declaratory judgment claims. It also argued that it was entitled to summary judgment on the merits of Swanson's Open Meetings Act and constitutional claims.

The trial court granted the Town's plea to the jurisdiction and dismissed the Whistleblower Act and *Sabine Pilot* claims. In separate orders, the trial court denied the Town's traditional and no-evidence motions for summary judgment. The Town appealed the summary judgment orders, arguing in the court of appeals that Swanson had not established a waiver of the Town's governmental immunity as to her claims under the Open Meetings Act and the Texas Constitution because she had failed to present evidence supporting one or more elements of those claims.[4] The

---

[3] Swanson also added claims for declaratory relief involving alleged ultra vires actions by the Town's former mayor, but those claims are not at issue here.

[4] While the Town had argued in the trial court that no evidence supported elements of Swanson's Open Meetings Act and constitutional claims, the Town did not cloak its argument as to those claims in immunity terms until its opening brief in the court of appeals. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 783

3

Town also argued that neither the Open Meetings Act nor the Texas Constitution waives immunity from a claim for money damages. Finally, the Town asserted that Swanson's declaratory judgment claims did not fall within the limited waiver of immunity contained in the Uniform Declaratory Judgments Act (UDJA).

The court of appeals affirmed in part and reversed in part. 544 S.W.3d 426, 448–49 (Tex. App.—Fort Worth 2018). First, the court noted *sua sponte* that Swanson "did not assert a separate, standalone claim under [the Open Meetings Act];" rather, she asserted only "grounds for declaratory relief based on" violations of that Act. *Id.* at 434.[5] The court of appeals further held that the trial court correctly denied the Town's no-evidence motion for summary judgment, which was premised on the Town's immunity from suit, because a no-evidence motion for summary judgment is not a proper procedural vehicle to defeat jurisdiction. *Id.* at 435, 448. The court of appeals thus addressed the Town's assertion of immunity only by reviewing the pleadings and evidence under the traditional summary judgment standard. *Id.* at 438, 446–48.

As to Swanson's declaratory judgment claims based on violations of the Open Meetings Act, the court of appeals recognized that the UDJA does not provide a general waiver of immunity but held that the Open Meetings Act provides an independent waiver for "some of what Swanson seeks under the UDJA." *Id.* at 436–37. Specifically, the court held that the Act waived immunity with respect to Swanson's request for a declaration that the Town's termination of her employment was void, her request for injunctive relief to make meeting agendas and recordings available to the

(Tex. 2018) (explaining that when "a statutory violation is necessary to establish an immunity waiver, jurisdiction and the merits intertwine"). We have held that governmental immunity may be asserted for the first time on interlocutory appeal. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012).

[5] Because the court of appeals concluded that Swanson did not assert standalone Open Meetings Act claims, the court overruled the Town's challenge to the trial court's jurisdiction over those claims. 544 S.W.3d at 433–34.

4

public, and her request for attorney's fees. *Id.* The court further held that the Town's jurisdictional evidence did not "negate" the existence of jurisdictional facts underlying those claims and that traditional summary judgment on immunity grounds was thus properly denied. *Id.* at 438–39. However, the court of appeals held that the Open Meetings Act did not waive the Town's immunity from Swanson's claim for back pay. *Id.* at 438. Finally, the court held that Swanson failed to allege viable constitutional claims and that the Town's immunity was not waived as to either Swanson's UDJA claim that was premised on violations of the Texas Constitution or her free speech claim. *Id.* at 440–48.

The court of appeals thus dismissed for lack of jurisdiction Swanson's UDJA claim for back pay, her UDJA claim based on violations of the Texas Constitution, and her free speech claim. We will not review that portion of the court of appeals' judgment, as Swanson did not file a petition for review. *See* TEX. R. APP. P. 53.1 ("A party who seeks to alter the court of appeals' judgment must file a petition for review."). The Town did file a petition for review, which we granted.

## II. Appellate Jurisdiction

We begin with Swanson's challenges to our jurisdiction over this interlocutory appeal. The Town appealed under Texas Civil Practice and Remedies Code section 51.014(a)(8), which authorizes an interlocutory appeal from an order that grants or denies a plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). Swanson argues that section 51.014(a)(8) did not confer jurisdiction on the court of appeals because the appeal was taken from an order denying summary judgment on the merits. However, the Town argued in its summary judgment motions that it was immune from suit on Swanson's declaratory judgment claims. And section 51.014(a)(8)

5

allows an interlocutory appeal to be taken when "the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise." *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *see also Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (explaining that immunity from suit deprives the courts of jurisdiction over pending claims). Accordingly, the Town properly took an interlocutory appeal from the orders denying its assertion of immunity.[6]

Swanson also asserted at oral argument that, even if section 51.014(a)(8) conferred jurisdiction on the court of appeals, this Court nevertheless lacks such jurisdiction. Under former section 22.225 of the Government Code, on which Swanson relies, the court of appeals' judgment on an interlocutory appeal is generally final, although we have authority to consider the appeal if a conflict exists among the courts of appeals on a material issue of law in the case. Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1731 (codified at TEX. GOV'T CODE § 22.225(c)), *repealed by* Act of May 19, 2017, 85th Leg., R.S., ch. 150, § 4, 2017 Tex. Gen. Laws 291, 292. By contrast, under the current version of the Government Code, this Court has broad jurisdiction over "an appealable order or judgment of the trial court if the court determines that the appeal presents a question of law that is important to the jurisprudence of the state." TEX. GOV'T CODE § 22.001(a). Assuming Swanson is correct that the prior version applies here,[7] she is nevertheless incorrect about its effect on our jurisdiction. The court of appeals'

---

[6] In her brief, Swanson describes governmental immunity as an affirmative defense. But as we have explained, governmental immunity embodies both immunity from liability, which is an affirmative defense that must be pled, and immunity from suit, which "completely bars actions" against governmental entities unless the Legislature consents to suit and thus defeats a court's jurisdiction over pending claims. *Rusk State Hosp.*, 392 S.W.3d at 93. The Town's immunity from suit is at issue here.

[7] The repeal of section 22.225(c) applies to interlocutory orders signed on or after September 1, 2017. Act of May 19, 2017, 85th Leg., R.S., ch. 150, § 5, 2017 Tex. Gen. Laws 291, 293. The trial court's orders denying the Town's summary judgment motions were signed on October 21, 2015.

6

holding in this case that the Open Meetings Act waives immunity for declaratory judgment claims under the UDJA directly conflicts with the Third Court of Appeals' decision in *City of New Braunfels v. Carowest Land, Ltd.*, 549 S.W.3d 163, 172–73 (Tex. App.—Austin 2017, pet. denied). In light of that conflict, we have jurisdiction over the Town's petition.

### III. Discussion

### A. Asserting Immunity in No-Evidence Motion for Summary Judgment

On the substantive issues presented, we first address whether a no-evidence summary judgment motion may be used to defeat jurisdiction on the basis of governmental immunity. Unlike the court of appeals, we hold that it can.

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). That burden encompasses the burden of establishing a waiver of sovereign immunity in suits against the government. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). When a defendant challenges jurisdiction, a court "is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). That is the case even when "jurisdiction and the merits intertwine," such as when "a statutory violation is necessary to establish an immunity waiver." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 783 (Tex. 2018) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635–36 (Tex. 2012)); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (noting that "disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact").

As a procedural matter, we have held that a jurisdictional challenge, including one premised on sovereign immunity, "may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment." *State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009) (quoting *Bland*, 34 S.W.3d at 554). In *Miranda*, we clarified that when a plea to the jurisdiction challenges the existence of jurisdictional facts with supporting evidence, the standard of review mirrors that of a traditional summary judgment: all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists. 133 S.W.3d at 221, 227–28; *see also Garcia*, 372 S.W.3d at 635.

Relying on *Miranda*, the court of appeals in this case held that a governmental entity "has the burden to negate the existence of jurisdictional facts before a plaintiff has any burden to produce evidence raising a fact question on jurisdiction." 544 S.W.3d at 435. In the court of appeals' view, allowing a jurisdictional challenge on immunity grounds via a no-evidence motion would improperly shift that initial burden by requiring a plaintiff to "marshal evidence showing jurisdiction" before the governmental entity has produced evidence negating it. *Id.* at 436. Consequently, the court held that a no-evidence motion for summary judgment "may not be used by a governmental entity as a vehicle to defeat jurisdiction or otherwise circumvent its burden to disprove jurisdiction." *Id.* at 435.

Several courts of appeals have employed similar reasoning in concluding that a governmental entity may not assert immunity in a no-evidence motion for summary judgment. *See, e.g.*, *Thornton v. Ne. Harris Cty. MUD 1*, 447 S.W.3d 23, 39–40 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("Allowing defendants to challenge subject matter jurisdiction by way of no-evidence motion [when jurisdiction and the merits intertwine] would force plaintiffs to put on

8

their case simply to establish jurisdiction and would eliminate any burden on the defendant other than to identify the specific ground he believes to be lacking evidentiary support." (citation and internal quotation marks omitted)).[8]  Other courts of appeals have held that the government defendants at issue demonstrated their entitlement to no-evidence summary judgment on immunity grounds, although the issue of whether such motions were proper procedural vehicles to raise the issue does not appear to have been presented or analyzed in those cases.  *See, e.g., Lafferty v. Jasper Cty. Sheriff's Dep't*, No. 09-13-00039-CV, 2013 WL 6146049, at *4 (Tex. App.—Beaumont Nov. 21, 2013, no pet.) (mem. op.).[9]

We cannot agree with the reasoning of the courts of appeals that have rejected no-evidence motions as vehicles to assert governmental immunity.  To obtain a traditional summary judgment, which all agree may be based on lack of jurisdiction, a movant must produce evidence showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).  By contrast, Texas Rule of Civil Procedure 166a(i), which governs no-evidence motions for summary judgment, provides:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.  The motion must state the elements as to which there is no evidence.  The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

---

[8] *See also, e.g., Arthur v. Uvalde Cty. Appraisal Dist.*, No. 04-14-00533-CV, 2015 WL 2405343, at *9–10 (Tex. App.—San Antonio May 20, 2015, pet. denied) (mem. op.); *City of El Paso v. Collins*, 483 S.W.3d 742, 755–56 (Tex. App.—El Paso 2016, no pet.).

[9] *See also, e.g., Thobe v. Univ. of Tex. Sw. Med. Ctr.*, No. 05-14-01450-CV, 2016 WL 3007027, at *2–4 (Tex. App.—Dallas May 25, 2016, pet. denied) (mem. op.); *Univ. of Tex. at Brownsville v. Ramos*, No. 13-11-00302-cv, 2012 WL 256137, at *7 (Tex. App.—Corpus Christi Jan. 26, 2012, pet. denied) (mem. op.); *Clark v. City of Tyler*, No. 12-08-00458-CV, 2010 WL 3431163, at *2 (Tex. App.—Tyler Sept. 1, 2010, no pet.) (mem. op.).

TEX. R. CIV. P. 166a(i).  The nonmovant may raise a genuine issue of material fact by producing "more than a scintilla of evidence establishing the existence of the challenged element."  *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).  For both traditional and no-evidence motions, the court views the evidence in the light most favorable to the nonmovant.  *Id.* at 601; *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Because jurisdiction may be challenged on evidentiary grounds and the burden to establish jurisdiction, including waiver of a government defendant's immunity from suit, is on the plaintiff, we see no reason to allow jurisdictional challenges via traditional motions for summary judgment but to foreclose such challenges via no-evidence motions.  It is true that those two vehicles place different initial burdens on the movant: the former requires the movant to conclusively negate at least one element of the nonmovant's claim on which the nonmovant has the burden of proof, while the latter requires the movant to specify the elements of the nonmovant's claim for which no evidence exists.  *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).  However, contrary to the court of appeals' characterization of the shifting burden, the nonmovant need not "marshal" its evidence or prove up its case to defeat a no-evidence motion.  As noted, under Rule 166a(i) the nonmovant is required only to produce enough evidence—that is, more than a scintilla—to create a genuine issue of material fact as to the challenged element.  *Ridgway*, 135 S.W.3d at 600.

Further, Rule 166a(i) contains a significant limitation that the rule governing traditional motions does not: while defendants may move for traditional summary judgment "at any time," TEX. R. CIV. P. 166a(b), no-evidence motions are permissible only "[a]fter adequate time for discovery," TEX. R. CIV. P. 166a(i).  That difference in timing provides an important degree of

10

protection to a nonmovant responding to a no-evidence motion, whether the motion challenges jurisdiction, the merits, or both.

We also disagree with the court of appeals that allowing immunity-based jurisdictional challenges via no-evidence motions for summary judgment is inconsistent with our holding in *Miranda*. The issue in *Miranda* was whether the trial court may consider evidence submitted in support of a plea to the jurisdiction asserting governmental immunity. 133 S.W.3d at 221. In holding that such evidence could be considered, we said nothing about the propriety of a no-evidence motion as a different vehicle to challenge jurisdiction, as that issue was neither presented nor decided.

In sum, when jurisdiction is intertwined with the merits, the evidence supporting jurisdiction and the merits is necessarily intertwined as well. Thus, when a challenge to jurisdiction that implicates the merits is properly made and supported, whether by a plea to the jurisdiction or by a traditional or no-evidence motion for summary judgment, the plaintiff will be required to present sufficient evidence on the merits of her claims to create a genuine issue of material fact. The safeguards built into Rule 166a(i)—a no-evidence motion may be filed only after an adequate time for discovery, the movant must specify the elements for which no evidence exists, the nonmovant need only present more than a scintilla of evidence supporting the challenged element, and the evidence must be viewed in the light most favorable to the nonmovant—provide a sufficient degree of protection to plaintiffs, as does the rule governing traditional motions. Accordingly, the court of appeals erred in refusing to review the trial court's denial of the Town's no-evidence motion for summary judgment challenging jurisdiction on the basis of governmental immunity.

11

### B. Scope of Immunity Waiver Under Texas Open Meetings Act

The Town next argues that, even if more than a scintilla of evidence supports Swanson's claim under the UDJA that her termination is void due to violations of the Open Meetings Act, the Town nevertheless retains its immunity from suit because the Act does not waive governmental immunity with respect to declaratory judgment claims. For the reasons discussed below, we agree.

The UDJA, in pertinent part, allows a person whose rights are affected by a statute to "have determined any question of construction or validity arising under the [statute] and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004(a). As the court of appeals recognized, the UDJA does not contain a general waiver of sovereign immunity, providing only a limited waiver for challenges to the validity of an ordinance or statute. 544 S.W.3d at 436–37 (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 633–35 (Tex. 2010), and *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011)). UDJA claims requesting other types of declaratory relief are barred absent a legislative waiver of immunity with respect to the underlying action. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (noting that the UDJA does not waive sovereign immunity when the plaintiff seeks a declaration of her rights under a statute or other law); *Sawyer Tr.*, 354 S.W.3d at 388–89. Swanson argues, and the court of appeals held, that the Open Meetings Act provides that waiver with respect to her request for a declaratory judgment that her termination was void. 544 S.W.3d at 437.

With limited exceptions, the Open Meetings Act requires "[e]very regular, special, or called meeting of a governmental body" to be open to the public. TEX. GOV'T CODE § 551.002. The Act also contains various requirements relating to providing notice of and recording or taking

minutes of such meetings. *See id.* §§ 551.021–.056. And it includes procedures for holding closed

meetings when such meetings are otherwise authorized by the Act. *See id.* §§ 551.101–.104.

An action taken by a governmental body in violation of the Act "is voidable." *Id.*

§ 551.141. Pursuant to the Act:

> (a) An interested person, including a member of the news media, may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body.

> (b) The court may assess costs of litigation and reasonable attorney fees incurred by a plaintiff or defendant who substantially prevails in an action under Subsection (a). In exercising its discretion, the court shall consider whether the action was brought in good faith and whether the conduct of the governmental body had a reasonable basis in law.

*Id.* § 551.142(a)–(b). Although section 551.142 specifically authorizes a proceeding "by

mandamus or injunction," the court of appeals held that section 551.141, by rendering "voidable"

actions taken in violation of the Act, allows courts to "declare" such actions void under the UDJA.

544 S.W.3d at 437. In so holding, the court disagreed with the Third Court of Appeals, which

recently held that the Open Meetings Act does not waive immunity for declaratory relief.

*Carowest Land, Ltd.*, 549 S.W.3d at 172.

The *Carowest* court relied in part on our decision in *Zachry Construction Corp. v. Port of

Houston Authority*, which involved the scope of the Local Government Contract Claims Act's

immunity waiver for contract suits against local governmental entities. 449 S.W.3d 98, 106 (Tex.

2014). Section 271.152 of that Act expressly "waives sovereign immunity to suit for the purpose

of adjudicating a claim for breach of [a qualifying] contract, subject to the terms and conditions of

this subchapter." TEX. LOC. GOV'T CODE § 271.152. Section 271.153 then limits "the total amount

of money awarded" in such a suit to certain categories of damages, along with interest and

attorney's fees. *See id.* § 271.153. We held in *Zachry* that section 27.153, along with other provisions of the Act, "define[s] the scope of [section 271.152's] waiver of immunity." 449 S.W.3d at 108. In turn, we held that "the Act does not waive immunity from suit on a claim for damages not recoverable under Section 271.153." *Id.* at 110. Applying *Zachry*'s reasoning, the court of appeals in *Carowest* concluded that section 551.142 of the Open Meetings Act "set[s] the boundaries" of the Act's immunity waiver "to the express relief provided" therein—injunctive and mandamus relief—and that the scope of the Act's waiver did not extend to the declaratory relief sought in that case. 549 S.W.3d at 173.

We agree. The Open Meetings Act generally provides that an action taken in violation of the Act is "voidable" but goes on to state very clearly the authorized mechanism to obtain that result: a suit "by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation" of the Act. TEX. GOV'T CODE §§ 551.141–.142(a). That mechanism allows an interested person to seek an order to compel action, an order to prevent action or threatened action, or both if necessary. *See Campbell v. Wilder*, 487 S.W.3d 146, 153–54 (Tex. 2016) (describing the difference between mandamus and injunction); *see also Burks v. Yarbrough*, 157 S.W.3d 876, 878–79 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (mandamus action seeking to compel the return of certain county funds allegedly expended in violation of the Local Government Code and the Open Meetings Act); *cf. Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995) (per curiam) (conditionally granting mandamus relief and directing a trial judge to reduce the amount of an imposed fine to the amount permitted by statute). The Open Meetings Act thus contains a clear and unambiguous waiver of immunity from suits seeking injunctive and mandamus relief. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003) ("It is settled in Texas that for the

14

Legislature to waive the State's sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the Legislature's waiver of immunity."). But while the Legislature has expressly authorized a suit for declaratory judgment against the government in other statutes, it has not done so in the Open Meetings Act. *See, e.g.*, TEX. GOV'T CODE § 552.3215(b) ("An action for a declaratory judgment or injunctive relief may be brought in accordance with this section against a governmental body that violates [the Public Information Act]."); TEX. LOC. GOV'T CODE § 245.006 (providing that "[t]his chapter [regarding permits for certain water utility projects] may be enforced only through mandamus or declaratory or injunctive relief" and that a "political subdivision's immunity from suit is waived in regard to an action under this chapter"). Thus, the Open Meetings Act's clear and unambiguous waiver of immunity does not extend to suits for declaratory relief.

In an amicus brief submitted in this case,[10] the *Carowest* petitioner contends this analysis is inconsistent with our recent decision in *Hays Street Bridge Restoration Group v. City of San Antonio*, 570 S.W.3d 697 (Tex. 2019). In *Hays Street*, we held that the Local Government Contract Claims Act—the same statute at issue in *Zachry*—waived the city's immunity from suit on a contract claim in which the only remedy sought was specific performance. *Id.* at 707–08. Noting that section 271.153 of that Act limits damages, not remedies, we rejected the city's argument that section 271.153's silence with respect to specific performance implied that immunity was not waived as to that remedy. *Id.*

---

[10] Carowest Land, Ltd. submitted an amicus brief in support of Swanson. Two amicus briefs were submitted in support of the Town: one by the State of Texas and one by Texas Municipal League, Texas City Attorneys Association, Texas Association of Counties, Texas Association of School Boards, and the City of Arlington, Texas.

Carowest argues that the same reasoning applies here: the Open Meetings Act's silence with respect to declaratory relief does not mean that injunctive and mandamus relief are intended to be the exclusive remedies for violations of the Act. However, importantly, the statute at issue in *Hays Street* contained a "general waiver of immunity" in section 271.152 followed by limitations on recoverable damages in section 271.153. *Id.* at 708. We held that reading section 271.153 to prohibit any suit seeking an equitable remedy "would too greatly restrict" section 271.152's general waiver. *Id.* The Open Meetings Act is structured differently. Rather than a general waiver followed by limitations on its scope, the Act contains a limited waiver for suits seeking certain types of relief and is thus properly read to authorize only those types of relief.

We recognize that, as Carowest also notes, in prior cases this Court has affirmed or rendered declaratory judgments premised on violations of the Open Meetings Act. *See Smith County v. Thornton*, 726 S.W.2d 2, 3 (Tex. 1986) (affirming the portion of the court of appeals' judgment declaring commissioners court orders to be of no force or effect due to violations of the Open Meetings Act); *Cox Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 960 (Tex. 1986) (reversing the court of appeals' judgment in part and "declar[ing] that the Board violated the Open Meetings Act").[11] While *Thornton* and *Cox Enterprises* in effect conclude that declaratory relief is available under the Open Meetings Act, in those cases we simply were not

---

[11] Numerous courts of appeals have similarly reviewed the merits of declaratory judgment claims seeking to void actions that violated the Open Meetings Act. *See, e.g.*, *Lugo v. Donna Indep. Sch. Dist. Bd. of Trs.*, 557 S.W.3d 93, 97–99 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (remanding to the trial court for entry of partial summary judgment declaring that trustee appointments were void because of Open Meetings Act violations); *City of Laredo v. Escamilla*, 219 S.W.3d 14, 23 (Tex. App.—San Antonio 2006, pet. denied) (affirming the trial court's judgment declaring the city's vote to purchase a parcel of real property "invalid and void" due to Open Meetings Act violations).

16

presented with, and did not address, the specific question of whether the Act waives immunity from suit for such relief.[12]  We therefore do not view those opinions as dispositive of the issue.

Because the Open Meetings Act does not waive governmental immunity from suit for UDJA claims as a matter of law, the Town was entitled to summary judgment on all of Swanson's claims for declaratory relief.  However, this holding does not end our inquiry because Swanson asserts that she also pled claims directly under the Open Meetings Act seeking mandamus and injunctive relief.  We therefore turn to those claims.

### C. Claims Under the Texas Open Meetings Act

As noted, the court of appeals concluded *sua sponte* that Swanson did not plead a standalone claim under the Open Meetings Act.  544 S.W.3d at 434.  Swanson challenges this conclusion, noting that (1) in her amended petition, she requested injunctive relief and reinstatement to her position as town secretary, consistent with the relief authorized by the Act, and (2) until the court of appeals issued its opinion, the Town had consistently taken the position that Swanson brought claims under the Open Meetings Act but that they lacked merit.  The Town responds that Swanson has waived any issues relating to that portion of the court of appeals' opinion because she failed to file a petition for review in this Court.

Swanson was required to file a petition for review if she seeks to alter the court of appeals' judgment.  TEX. R. APP. P. 53.1.  The court's judgment states in its entirety:

> This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment.  We affirm the trial court's order denying summary judgment for Appellant Town of Shady Shores (the Town) on

---

[12] Carowest asserts that it is "significant" that we did not question jurisdiction in those cases in the first instance.  *See MO Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam) (noting that "we are obligated to review *sua sponte* issues affecting jurisdiction").  Perhaps so, but we simply cannot ascribe to tacit acceptance the same significance we would give to an express consideration and analysis of the issue.

17

Appellee Sarah Swanson's Uniform Declaratory Judgments Act (UDJA) claims seeking: (1) a declaration that the Town's termination of her employment was void under the Texas Open Meetings Act; (2) injunctive relief relating to the Town's making agendas and meeting recordings for past and future Town meetings available to the public; and (3) attorney's fees for those claims. We dismiss for lack of jurisdiction: (1) Swanson's UDJA claims for back pay; (2) her UDJA claims based on violations of her rights under article I, section 9 of the Texas Constitution, seeking both reinstatement and declaratory relief; and (3) her free speech claim.

It is further ordered that each party shall bear their own costs of this appeal, for which let execution issue.

Swanson is not attempting to challenge the adverse portions of the judgment dismissing several of her claims for lack of jurisdiction. And the judgment is silent as to any Open Meetings Act claims.[13] Thus, Swanson does not seek to alter the judgment by disputing the court's characterization of her pleadings as to those claims and was not required to file a separate petition for review.

We also disagree in substance with the court of appeals' depiction of Swanson's pleadings, particularly given the manner in which the parties litigated the case in the trial court. Swanson alleged several violations of the Open Meetings Act in her amended petition. She requested declaratory relief, injunctive relief, and mandamus relief in that she sought to compel action by the Town in the form of her reinstatement. Whether Swanson's petition was perfectly clear is immaterial so long as it gave the Town "fair notice of the claim involved." TEX. R. CIV. P. 47. And the Town certainly interpreted the amended petition to allege standalone claims under the Open Meetings Act, as the Town expressly sought to dispose of such claims on their merits in its summary judgment motions. That is, the Town effectively tried the claims by consent. *See*

---

[13] The judgment disposes of Swanson's request for reinstatement as a remedy for the Town's alleged constitutional violations. However, she also sought reinstatement as a remedy for the Town's alleged Open Meetings Act violations.

*Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 n.1 (Tex. 2007) (treating an unpled negligent-entrustment claim as having been tried by consent where the defendant sought summary judgment on that claim, the plaintiff did not object to the defendant's characterization of the claim, and the plaintiff argued in the court of appeals that fact issues existed as to the claim). Accordingly, Swanson's Open Meetings Act claims remain pending.

With respect to those claims, as noted, the Act waives the Town's immunity from a suit "by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation" of the Act. TEX. GOV'T CODE § 551.142. The Town nevertheless argued in the court of appeals that Swanson had not demonstrated an immunity waiver for such claims. Because of its conclusion about Swanson's pleadings, the court of appeals did not address the substance of the Town's arguments. We therefore remand the case to that court to consider those issues in light of our holdings that (1) the Town properly raised governmental immunity as a jurisdictional bar to suit in its no-evidence motion for summary judgment, (2) the Open Meetings Act does not waive the Town's immunity from suit on any of Swanson's UDJA claims, and (3) the Open Meetings Act claims seeking injunctive and mandamus relief were sufficiently pled.

### IV. Conclusion

For the foregoing reasons, we reverse the court of appeals' judgment in part and remand the case to that court for further proceedings consistent with this opinion.

_____

Debra H. Lehrmann
Justice

**OPINION DELIVERED:** December 13, 2019